Territorial Law Library

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM ) CRIMINAL CASE NO. CF0246-08
)
)
)
vs. ) DECISION AND ORDER
) (Defendant's In Limine Motion to Exclude
) Testimony in Regard to Suspected Semen
) and Physical Evidence Thereof)
MANNIX FRANK SONGENI, )
)
Defendant. )
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 6, 2009, for a hearing on Mannix Frank Songeni's ("Defendant") In Limine Motion to Exclude Testimony in Regard to Suspected Semen and Physical Evidence Thereof. Attorney Pablo M. Aglubat appeared on behalf of Defendant. Attorney Sally Tobin appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On October 30, 2009, Defendant filed an In Limine Motion to Exclude Testimony in Regard to Suspected Semen and Physical Evidence Thereof. Defendant argued that any testimony regarding the suspected semen taken during a forensic examination of the A.M. (the

Victim) be excluded under Rules 401, 402 and 403 of the Guam Rules of Evidence. Defendant's In Limine Motion at 1 (October 30, 2009). The People stated they filed an opposition, yet Defendant and the Court did not receive one. The People made an oral opposition. The Court now addresses Defendant's In Limine Motion to Exclude Testimony in Regard to Suspected Semen and Physical Evidence Thereof.

## DISCUSSION

Defendant argued that any testimony relating to the suspected semen collected during a forensic examination of the Victim should be excluded under Rules 401, 402 and 403 of the Guam Rules of Evidence. Id. "All relevant evidence is admissible unless otherwise provided." Guam R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Guam R. Evid. 401. "A trial judge has wide latitude in the admission or exclusion of evidence where the question is one of materiality or relevancy." Fenwick v. Watabe Guam, Inc., 2009 Guam 1, ¶ 64 (quoting Lies v. Farrell Lines, Inc., 641 F.2d 765, 773 (9th Cir. 1981)).

Ann Rios ("Rios") compiled a Healing Hearts Forensic Medical Report ("Forensic Medical Report") of the Victim. In the Forensic Medical Report, Rios documented collecting suspected semen. As a whole, the Court determines that the Forensic Medical Report is relevant under Rule 402 of the Guam Rules of Evidence. The Forensic Medical Report does have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than without the evidence." Guam R. Evid. 401.

Defendant asked the Court to only to prevent any testimony regarding the "suspected semen" that Rios documented in the Forensic Medical Report. Defendant's In Limine Motion at 1 (October 30, 2009). The People argued under the rule of completeness the Court cannot strike

or exclude the portion of Forensic Medical Report relating to the "suspected semen." <u>Motion Hearing</u> at 1:49 pm. (November 6, 2009). The Court agrees. The common-law rule of completeness is embodied in Rule 106 of the Guam Rules of Evidence – which is modeled after Federal Rules of Evidence 106. Rule 106 states as follows:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Rule 106 seeks to avoid the unfairness inherent in the misleading impression created by taking matters out of context. <u>People of Territory of Guam v. Turner</u>, 1993 WL 444305, *3 (D. Guam 1993).

In <u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S. 153, 109 S.Ct. 439 (1988), the United States Supreme Court interpreted Rule 106 as follows: "when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and therefore admissible under Rules 401 and 402. 488 U.S. at 172, 109 S.Ct. at 451.

The Forensic Medical Report itself contains a section entitled "Foreign materials collected." <u>Defendant's In Limine Motion Exhibit A</u> (October 30, 2009). One of the subsections is "Swabs/suspected semen," and Rios – who prepared the Forensic Medical Report – indicated that a swab was taken and that in her medical opinion was "suspected semen." <u>Id</u>. Since it is part of the Forensic Medical Report, the Court determines that testimony relating to "suspected semen" in the Forensic Medical Report is relevant under Rule 402 of the Guam Rules of Evidence. Therefore, the Court will deny Defendant's In Limine Motion to Exclude Testimony in Regard to Suspected Semen and Physical Evidence Thereof.

Defendant argued that any testimony relating to the suspected semen collected during a

forensic examination of the Victim should be excluded under Rules 403 of the Guam Rules of Evidence. Id.

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Guam R. Evid. 403. A court must balance the probative value of evidence against the prejudicial effect. People v. Fisher, 2001 Guam 2, ¶ 7. A trial court is given wide latitude in determining the admissibility of evidence under Rule 403. See Id. (holding that a trial court's Rule 403 determination is review with considerable deference").

The Court determines that testimony related to "Swab/suspected semen" is highly probative because Rios' medical opinion is important because it lays the foundation for what type of testing needed to be conducted, and was conducted on the "swabs/suspected semen" – which the People concede was negative for semen. Motion Hearing at 1:49 p.m. (November 6, 2009). There is no indication that testimony related to "Swab/suspected semen" will confuse the issues, or mislead the jury. Guam R Evid. 403. Therefore, the Court will deny Defendant's In Limine Motion to Exclude Testimony in Regard to Suspected Semen and Physical Evidence Thereof.

//

//

//

//

//

//

//

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's In Limine Motion to Exclude Testimony in Regard to Suspected Semen and Physical Evidence Thereof.

**SO ORDERED** this _18_ day of _Nov._, 2009.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

NOV 1 9 2009

Edna F. Nsuo
Deputy Clerk, Superior Court of Guam